The Honorable David W. Christel

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| YEMESERACH GEBRESERALSE<br>　　　　　　　　　　Plaintiffs,<br>　　　v.<br>COLUMBIA DEBT RECOVERY, LLC, dba GENESIS,<br>　　　　　　　　　　Defendants. | CASE NO. 19-CV-01909-DWC<br><br>DEFENDANT'S MOTION TO STAY<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 18, 2020. |

COMES NOW, Defendant, COLUMBIA DEBT RECOVERY, LLC, ("Defendant" or "CDR"), by and through its undersigned counsel, and hereby files this Motion to Stay the pending proceeding and states as follows:

**I. Factual Background & Procedural History**

    **a.** CDR filed an action against Plaintiff for unpaid rent and other charges stemming from her breached lease in King County District Court – (South Division-Burien) on August 20, 2019, cause number 19CIV10939KCX. Defendant answered the complaint with a general denial on October 17, 2019. This matter remains pending

MOTION TO STAY - 1

Mark T. Case, WSBA #38589
P.O. BOX 30131
SPOKANE, WA 99223
Phone: (425) 890-2817
Email: markcaselaw@gmail.com

      **b.** On November 5, 2019 Plaintiff served CDR with an unfiled complaint for damages under the Fair Debt Collection Practices Act (FDCPA) and Washington Consumer Protection Act (WCPA) captioned in King County Superior Court.

      **c.** On November 22, 2019 CDR sent notice of removal to Plaintiff and filed her complaint for damages in this court resulting in the instant action.

      **d.** On May 14, 2020 Plaintiff filed a motion for partial summary judgment. Oral argument was heard on July 14, 2020. The Court agreed to stay any ruling pending a settlement conference between the parties.

      **e.** The parties participated in a settlement conference on August 19, 2020 and were unable to resolve the matter.

## II. Standard of Review

Nearly 75 years ago the United States Supreme Court recognized the inherent power of district courts "to stay proceedings in one suit until the decision of another" in furtherance of the fair and efficient administration of justice. *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). Justice Cardozo explained "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. This court has the discretion to grant a stay based on a variety of circumstances pending final resolution of the state court case for the underlying debt.

In determining the appropriateness of a stay, courts generally consider the following three factors: (1) whether a stay will simplify the issues in question and the trial of the case; (2) whether discovery is complete and whether a trial date has been set; and

MOTION TO STAY - 2

Mark T. Case, WSBA #38589
P.O. BOX 30131
SPOKANE, WA 99223
Phone: (425) 890-2817
Email: markcaselaw@gmail.com

(3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Implicit Networks, Inc. v Advance Micro Devices, Inc.* WL 357902 (W.D. WA. 2009) *citing, Soverain Software LLC v. Amazon.com, Inc.,* 356 F.Supp.2d 660, 662 (E.D.Tex.2005); *Xerox Corp. v. 3Com Corp.,* 69 F.Supp.2d 404, 406 (W.D.N.Y.1999).

### III. The Court should stay this case pending resolution of the state court case concerning the underlying debt at issue in this action.

**Simplification of Issues**

The majority Plaintiff's claims against CDR are based on the premise that CDR attempted to collect a debt from Plaintiff that she does not owe. The validity of the underlying debt is not at issue in this action, however a determination of the validity of the debt by the state court would streamline the causes of action in the present case. If the state court finds that Plaintiff is liable for the debt, it would eliminate most of her claims against CDR. Staying this action pending the outcome of the state court case also eliminates the potential for conflicting results with respect to the underlying debt.

**Stage of Litigation**

As of the filing of this motion, the court has not issued a ruling on Plaintiff's motion for partial summary judgment. It would be prudent to refrain from issuing a ruling until the underlying debt has been adjudicated.

Discovery is on-going and neither party has conducted a deposition. The parties have exchanged written discovery, which remains on-going. A bench trial is currently set for January 11, 2021. Because only limited discovery has taken place and trial is nearly five months away, a stay at this stage of the litigation is proper.

**Prejudice to the Non-moving Party**

MOTION TO STAY - 3

Mark T. Case, WSBA #38589
P.O. BOX 30131
SPOKANE, WA 99223
Phone: (425) 890-2817
Email: markcaselaw@gmail.com

Plaintiff would not be prejudiced if this matter is stayed. Plaintiff deserves to be heard at the state court level regarding her liability on the underlying debt. In the event she is successful defending her liability, her case in this court becomes much stronger. Furthermore, based on Plaintiff's own briefing, she now appears to admit that something is owed, where the complaint alleges that nothing was owed. Staying this matter would not harm Plaintiff because it is not contingent on any issue related to future tenancy, whereas the underlying state court action may be.

In conclusion, this matter should be stayed pending the outcome of the state court litigation pertaining to the underlying debt at issue. The majority of Plaintiff's claims here are based on the allegation that the debt CDR attempted to collect is not owed. A determination of the validity of that debt would streamline this action. Limited discovery has been issued, including no depositions and Plaintiff is not prejudiced by a stay in this matter. CDR respectfully requests the court grant the motion to stay this proceeding pending the outcome of the state court action.

Respectfully submitted this  28  day of August, 2020.

COLUMBIA DEBT RECOVERY, LLC

/s/ Mark T. Case
Mark T. Case, WSBA # 38589
Attorney for Columbia Debt Recovery LLC
P.O. Box 30131
Spokane, WA 99223
Telephone:  (425) 890-2817
Email: markcaselaw@gmail.com

MOTION TO STAY - 4

Mark T. Case, WSBA #38589
P.O. BOX 30131
SPOKANE, WA 99223
Phone: (425) 890-2817
Email: markcaselaw@gmail.com

## CERTIFICATE OF SERVICE

I certify under penalty of perjury of the laws of the State of Washington that on the date set forth below, I caused to be served true and correct copies of the forgoing to the parties listed below:

| Name and Address of Party Served | Method of Service: |
|---|---|
| T. Tyler Santiago, WSBA #46004<br>Anderson Santiago<br>787 Maynard Ave. S<br>Seattle, WA.  98104<br>206-395-2665<br>Email: tyler@alkc.net<br><br>Jason Anderson, WSBA #38014<br>Anderson Santiago<br>787 Maynard Ave. S<br>Seattle, WA.  98104<br>206-395-2665<br>Email: jason@alkc.net<br><br>*Attorneys for Plaintiffs* | ☐ Personal Service<br>☐ First Class US Mail<br>☐ Certified Mail<br>☒ Electronic Mail<br>☐ Facsimile<br>☐ Legal Messenger |

Dated in Spokane this __28_ day of _____August_____, 2020.


/s/ Mark T. Case_____
Mark T. Case, WSBA # 38589
Attorney for Columbia Debt Recovery LLC

MOTION TO STAY - 5

Mark T. Case, WSBA #38589
P.O. BOX 30131
SPOKANE, WA 99223
Phone: (425) 890-2817
Email: markcaselaw@gmail.com