The Honorable David W. Cristel

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| YEMESERACH GEBRESERALSE, | NO. 2:19-cv-01909-DWC |
|---|---|
| Plaintiff, | **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STAY** |
| vs. | |
| COLUMBIA DEBT RECOVERY, LLC | NOTE ON MOTION CALENDAR: |
| Defendant. | September 18, 2020 |

## I. INTRODUCTION

Regardless of the outcome of the King County District Court collection lawsuit, the issues to be determined by this Court remain unchanged – namely, whether Defendant Columbia Debt Recovery, LLC ("CDR") violated state and federal debt collection laws over the course of its two-year collection campaign against Plaintiff Teke Gebreseralse.

The timing of CDR's request for a stay is somewhat telling of its motives. Only now – after removing this case to federal court, conducting discovery, fully briefing and arguing a dispositive motion, and participating in (an ultimately unsuccessful) mediation – does CDR request a halt to these proceedings so that it may pursue a debt collection lawsuit which has been idle for over one year. It appears more likely that CDR seeks to gain leverage against Ms. Gebreseralse by securing a monetary judgment with all due haste.

RESPONSE TO DEFENDANT'S MOTION TO STAY - 1
2:19-CV-01909-DWC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

This is a simple and straightforward case about whether CDR's debt collection efforts violated the law. CDR's assertions (that halting these proceedings in favor of a state court collection lawsuit will "streamline" the issues) suggest a lack of faith in this Court's ability to determine how many dollars are owed – an ancillary matter which is not even necessary to resolving this case. No purpose – other than delay – is served by staying this case. Although Plaintiff herself has an interest in a resolution to this case, she has also sought injunctive relief to protect other Washington consumers; a delay would affect not just Ms. Gebreseralse, but those whose rights may be affected by such relief. *See* dkt. #1-1 (Complaint).

Plaintiff respectfully requests the motion be denied.

## II. **FACTS**

CDR sued Ms. Gebreseralse in King County District Court on August 19, 2019. Declaration of Jason D. Anderson (*Anderson Decl.*) at ¶ 2. Other than filing the proof of service, CDR has filed no documents in the case, brought no motions, and served no discovery requests. *Id.* at ¶ 3.

The instant case was brought by Ms. Gebreseralse in King County Superior Court, but removed by CDR to this Court on November 22, 2019. Dkt. #1. Since that time, the parties have exchanged written discovery, engaged in dispositive motion practice, and attended mediation (among other case-related tasks).

As outlined in both Plaintiff's Complaint and in her pending Motion for Partial Summary Judgment, Ms. Gebreseralse contends that CDR violated the FDCPA and WCAA by, among other acts, (1) sending confusing and/or misleading correspondence, (2) sending letters which contained mutually-exclusive amounts of interest (meaning at least one was incorrect, if not both), and (3) seeking to collect amounts not actually owed. Dkt. nos. 1-1, 13, 15.

RESPONSE TO DEFENDANT'S MOTION TO STAY - 2
2:19-CV-01909-DWC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

Importantly, no party has asked this Court to determine the exact amount owed by Ms. Gebreseralse.

### III. LAW AND ARGUMENT

#### A. As the Moving Party, CDR Bears the Burden to Establish Entitlement to a Stay

"In considering a motion to stay, the Court must balance the competing interests that a grant or a refusal will affect." *Knapp v. Reid*, 2016 WL 561734, at *2 (W.D. Wash. Feb. 12, 2016) (Martinez, J.) (citing CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)). "The party seeking a stay bears the burden of showing [its] entitlement." *Id*. (citing *Latta v. Otter*, 771 F.3d 496, 498 (9th Cir. 2014)); *see also Clinton v. Jones*, 520 U.S. 681, 708 (1997) (the burden is on the moving party to show that a stay is appropriate).

Here, CDR fails to demonstrate a reason why this case should be stayed. While admitting that the "validity of the underlying debt is not at issue in this action," it simultaneously and contradictorily states that a determination of the underlying debt will somehow eliminate causes of action in this case. Dkt. #22 at 3. CDR has failed to meet its burden in seeking a stay, and its motion should be denied.

#### B. FDCPA Violations Are Distinct Legal Issues From the Amount of the Debt

While the King County District Court is tasked with determining exactly how many dollars Ms. Gebreseralse owes, this Court has been asked to determine the separate and distinct legal issue of whether CDR's collection methods and tactics violated the FDCPA and WCAA. There is little overlap.

The FDCPA "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). "The validity of the alleged debt does not bear

RESPONSE TO DEFENDANT'S MOTION TO STAY - 3
2:19-CV-01909-DWC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

on FDCPA violation analysis." *Beane v. RPW Legal Servs., PLLC*, 378 F. Supp. 3d 948, 953 (W.D. Wash. 2019) (Jones, J.) (citing *Baker*, 677 F.2d at 777).

Accordingly, there is little sense in staying this case in order to await the outcome of the collection lawsuit, as this Court will again be called upon to resolve the issues of whether CDR violated the FDCPA and/or WCAA. The issues are distinct, and resolution of one case does not impact the resolution of the other case. Any delay in this case would serve only to delay Plaintiff's diligent prosecution of her case.

**C. CDR Was Free, and Remains Free, to Litigate Its Debt Collection Lawsuit**

The timing of CDR's motion to stay is puzzling; despite having over one year to litigate its collection lawsuit, CDR chose to take no actions at all. *See Anderson Decl.* at ¶ 3. If CDR's collection lawsuit was so urgent, it could have taken any number of actions, including taking any action in the collection case, consolidating it with Ms. Gebreseralse's Superior Court case (prior to removing to this Court), or pleading the claim as a permissive counterclaim in this matter, to name a few. CDR is free to take those actions now, but it has chosen not to do so.

It appears more likely that CDR seeks a tactical advantage against Ms. Gebreseralse. By staying this case, CDR would pursue its judgment in the collection action, presumably to gain some perceived tactical advantage against Ms. Gebreseralse in this case. This would, of course, be futile in any event, as the parties would return to this Court to litigate the issues in this case. A stay makes little sense.

**D. A Stay is Unlikely to "Simplify" any Issues**

CDR repeatedly asserts that a stay will "streamline" the issues in this case. Dkt. #22. This is a simple case. Plaintiff is fully confident that this Court is capable of determining how

RESPONSE TO DEFENDANT'S MOTION TO STAY - 4
2:19-CV-01909-DWC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

many dollars she owes. Moreover, this Court need not even decide *that* issue, as CDR violated the FDCPA by making confusing and conflicting demands for payment.

Grinding this case to a halt (on the eve of a dispositive ruling from this Court) to pursue a basic debt collection matter (only to return to this Court to resume this case with no change in the proceedings) borders on the absurd. If CDR does not have faith that this Court can adjudicate such basic issues, perhaps it should not have ignored its debt collection case until it saw an opportunity to use it as a bargaining chip.

### E. CDR Has Not Met Its Burden and Its Motion Should Be Denied

CDR has been unable to demonstrate any entitlement to a stay. CDR's sudden interest in its collection lawsuit, while curious, has little, if any, bearing on the outcome of this case. Pausing these proceedings on CDR's whims serves only to delay a fair resolution of Ms. Gebreseralse's case, along with her request for injunctive relief, which may affect many other Washington consumers as well. Plaintiff brought this case timely, and has been diligent in its prosecution. Just because CDR has been unwilling to do the same (prosecute its collection lawsuit which pre-dates this case) does not mean that a stay is appropriate, even if there were common and complex issues to be decided.

Dated this 9th day of September, 2020.

**ANDERSON SANTIAGO, PLLC**

By: /s/ Jason D. Anderson
Jason D. Anderson, WSBA No. 38014
Attorney for Plaintiff
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)
RESPONSE TO DEFENDANT'S MOTION TO STAY - 5
2:19-CV-01909-DWC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

**Certificate of Service**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark Case
P.O. Box 30131
Spokane, WA 99223
Telephone: 425-890-2817
Email: markcaselaw@gmail.com

Krista L. White
P.O. Box 3630
Everett, WA 98213
Telephone: (425) 646-1382
Email: Kristaw@genesiscred.com
Attorneys for Defendant

                                           /s/ Jason D. Anderson         .
                                               Jason D. Anderson

CERTIFICATE OF SERVICE - 1
2:19-CV-01909-DWC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719