UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YEMESERACH GEBRESERALSE,

    Plaintiff,

v.

COLUMBIA DEBT RECOVERY, LLC,

    Defendant.

CASE NO. 2:19-CV-1909-DWC

ORDER GRANTING STAY

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 6. Currently before the Court is Plaintiff Yemeserach Gebreseralse's Motion for Partial Summary Judgment and Defendant Columbia Debt Recovery, LLC's Motion to Stay. Dkt. 13, 22. After considering the relevant record, the Court grants Defendant's Motion to Stay (Dkt. 22) and will not yet decide Plaintiff's Motion for Partial Summary Judgment (Dkt. 13).

**I.    Background**

In August of 2019, Defendant filed a state court action against Plaintiff to recover a debt related to Plaintiff's termination of a rental agreement. *See* Dkt. 22. The August 2019 action is

still pending in state court. *See id*.; *see also* Dkt. 23-1, Anderson Dec. Plaintiff then served Defendant with a Complaint in a separate state court action and, on November 22, 2019, Defendant removed this Complaint from the state court to this Court. *See* Dkt. 1; *see also* Dkt. 22. In the Complaint, Plaintiff alleges Defendant's attempts to collect the debt violated the Fair Debt Collection Practices Act ("FDCPA") and the Washington Collection Agency Act ("WCAA") through the Consumer Protection Act ("CPA"). *See* Dkt. 1-3.

On May 14, 2020, Plaintiff filed the Motion for Partial Summary Judgment. Dkt. 13. Defendant filed its Response to the Motion on June 1, 2020 and Plaintiff filed her Reply on June 5, 2020. Dkt. 15. The Court heard oral argument on July 14, 2020. Following oral argument, the parties requested an opportunity to mediate this case prior to the Court ruling on the Motion for Partial Summary Judgment. The parties were unable to reach a settlement.

On August 28, 2020, Defendant filed the Motion to Stay requesting this action be stayed pending the resolution of the August 2019 state court case. Dkt. 22. Plaintiff filed a Response to the Motion to Stay on September 9, 2020 and, on September 18, 2020, Defendant filed its Reply. Dkt. 23, 24.

**II.      Discussion**

Defendant moves for a stay of this action pending the resolution of the state court case concerning the amount of the debt at issue in this action. Dkt. 22. Plaintiff contends this action should not be stayed because the FDCPA violations are distinct from a determination regarding the amount of debt owed and a stay does not simplify this case. Dkt. 23.

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every

court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). The Ninth Circuit has held:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it.

*Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (internal citations omitted).

To determine if a stay is appropriate, the Court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The party seeking a stay bears the burden of showing his entitlement. *See Latta v. Otter*, 771 F.3d 496, 498 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 433–34, 129 S. Ct. 1749 (2009)).

Here, the August 2019 state case will resolve the amount of the debt, if any, that is owed by Plaintiff. *See* Dkt. 22. The amount of the debt does not directly impact the FDCPA claims. Plaintiff, however, alleges Defendant's conduct violated the WCAA through the CPA. Dkt. 1-3, 13. Specifically, Plaintiff contends Defendant violated provisions of the WCAA/CPA by misrepresenting the amount of debt Plaintiff actually owed. *See* Dkt. 1-3, 13. As such, the

WCAA/CPA claims are dependent on a determination of the amount of debt, if any, that is owed by Plaintiff. Additionally, any claim for damages under both the FDCPA and the WCAA/CPA may be impacted by the amount of debt actually owed.

Moreover, having two courts determine the amount of debt owed may result in conflicting findings and complicate this matter. The Court finds the state court is in a better position to determine the amount of the debt owed. For example, one issue regarding the amount of the debt is whether Plaintiff's security deposit was properly forfeited. This issue may require interpretation of state law to determine the amount of the debt and is, therefore, more appropriate in the state court. The harm and judicial inefficiencies that could result from two court determinations regarding the amount of debt owed outweigh any delay or hardship likely to result from a stay in this case.

The Court recognizes that there is a Motion for Partial Summary Judgment pending, which has been fully briefed and argued, and a trial date is set for January 2021. In considering the Motion for Partial Summary Judgment, the Court cannot determine if summary judgment should be granted as to the WCAA/CPA claims, as alleged by Plaintiff, without first determining the amount of debt owed. While the allegation that Defendant violated the FDCPA can be decided without determining the debt amount, the interests of justice and judicial efficiency weigh against a determination of the FDCPA claim separate from the WCAA/CPA claims. The Court would be required to enter two rulings on Plaintiff's Motion for Partial Summary Judgment and this case would still be stayed pending the resolution of the state court action. Therefore, a complete stay of this case promotes judicial efficiencies and is the fairest result for the parties.

For these reasons, the Court finds a stay of this case pending the resolution of the state court's determination regarding the amount of debt, if any, owed by Plaintiff is appropriate.

**III.    Conclusion**

In conclusion, the Court finds a stay of this case during the pendency of the state court action to determine the amount of debt, if any, Plaintiff owes to Defendant is appropriate. Therefore, Defendant's Motion to Stay (Dkt. 22) is granted.

Within ten (10) days from the date a decision in the state court action is issued, the parties shall jointly notify the Court by filing a joint status report that includes: (1) the state court's decision; (2) the impact of the state court's decision on this action; (3) the impact of the state court's decision on Plaintiff's Motion for Partial Summary Judgment and whether additional briefing is necessary; and (4) whether the Court should re-note Plaintiff's Motion for Partial Summary Judgment for consideration and re-set a trial date.[1]

Plaintiff's Motion for Partial Summary Judgment (Dkt. 13) is stayed until the state court issues a decision regarding the amount of the debt.

The Clerk is directed to: (1) remove the Motion (Dkt. 13) from the Court's motion calendar; (2) remove the trial from the Court's calendar; and (3) stay this case until further direction from the Court.

Dated this 30th day of October, 2020.

David W. Christel
United States Magistrate Judge

---

[1] The Court notes that the trial date would have likely been rescheduled as a result of the Covid-19 restrictions. Therefore, the trial is removed from the Court's calendar due to both the stay and restrictions resulting from Covid-19. The Court will re-set the trial date immediately upon lifting the stay.